UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA LANCASTER,

    Plaintiff,

v.                              Case No. 09-CV-12198

COUNTRYWIDE HOME LOANS, INC.,

    Defendant.
                                               /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS**

Pending before the court is a motion to dismiss, filed on June 12, 2009 by Defendant Countrywide Home Loans, Inc ("Defendant"). The parties have fully briefed the matter, and the court conducted a hearing on the matter on August 5, 2009. For the reasons stated below, the court will grant in part and deny in part Defendant's motion.

**I.  INTRODUCTION**

On May 5, 2009, Plaintiff Lisa Lancaster filed an action against Countrywide in the Macomb County Circuit Court, for an accounting (Count I), wrongful foreclosure (Count II), violation of the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. § 1639, (Count III), predatory lending (Count IV), violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, (Count V), fraudulent misrepresentation (Count VI), negligent misrepresentation (Count VII), defamation of credit/violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, (Count VIII), rescission of notes and mortgages (Count IX), reformation of notes and mortgages (Count X), violation of the Michigan Mortgage Brokers, Lenders, and

Servicers Licensing Act ("MMBLSLA"), Mich. Comp. Laws § 445.1651, (Count XI), violation of the Michigan Usury Act, Mich. Comp. Laws § 438.31, (Count XII), and temporary restraining order/preliminary injunction (Count XIII).  Defendant removed the action to this court on June 5, 2009.

On July 6, 2009, the parties stipulated to the dismissal of Counts I, II, and XII. (7/6/2009 Stipulated Order of Dismissal.)  At the hearing, the parties informed the court that they had also agreed to dismiss Counts IV, VI-X, and XIII.  The court will therefore address only the remaining counts for violation of HOEPA, TILA, and MMBLSLA.

## II.  BACKGROUND

Plaintiff purchased a home in the city of Fraser, Michigan, in 2005, for about $150,000 after securing a loan for that purpose.  (Pl.'s Compl. ¶ 7.)  She refinanced the original loan with a thirty-year adjustable rate mortgage loan from Defendant on May 25, 2006 ("2006 Loan").  (*Id.* ¶ 8.)  Plaintiff sought and obtained two loan modifications from Defendant in September 2007 and August 2008.  (*Id.* ¶ 17.)  In her complaint, Plaintiff alleges that Defendant "inflated" Plaintiff's income in order to qualify for the 2006 Loan. Specifically, Plaintiff alleges that Defendant stated Plaintiff's monthly income was $4,400, when it was actually $2,800.  (*Id.* ¶¶ 10-11.)  Plaintiff further alleges that "although Plaintiff refinanced her original loan for the express purpose of decreasing her monthly payment and obtaining a fixed rate mortgage, Defendant failed to fulfill either of these stated goals."  (*Id.* ¶ 12.)  As a result of Defendant's conduct, Plaintiff alleges that she cannot pay her monthly payments and now faces foreclosure.  (*Id.* ¶¶ 23-24.)

To obtain her 2006 Loan, Plaintiff signed and initialed each page of the "Adjustable Rate Note" and of the Mortgage. (Def.'s Mot. Exs. 1-2.) The Note states in bold, all-capital letters: This Note contains provisions allowing for changes in my interest rate and my monthly payment. This Note limits the amount my interest rate can change at any one time and the maximum rate I must pay." (Def.'s Mot. Ex. 1 at 1.) The Note also states that Plaintiff's "interest rate will never be greater than 15.375% or less than 8.375%." (*Id.* at 2.) The Mortgage also states that it includes an adjustable rate rider. (Def.'s Mot. Ex. 2 at 2.)

In its motion, Defendant argues that Plaintiff's complaint should be dismissed because several of her federal claims are barred by the statute of limitations and her claim, under Michigan law, fails to state a legally cognizable claim.

### III. STANDARD[1]

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Evans-Marshall v. Board of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th

---

[1] Defendant brings its motion as a motion pursuant to Rule 12(b)(6), although both parties refer to documents attached to Plaintiff's complaint and the parties' brief. A Rule 12(b)(6) analysis generally forbids a court from considering documents outside the pleadings, *Gunasekera v. Irwin*, 551 F.3d 461, 469 n.4 (6th Cir. 2009); however, when "a document is referred to in the complaint and is central to the plaintiff's claim . . . , the defendant may submit an authentic copy to the court to be considered on a motion to dismiss," *Greenberg v. Life Insurance Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (quoting 11 James Wm. Moore et al., Moore's Federal Practice § 56.30[4] (3d ed. 1998)) (internal quotation marks omitted). Even if the court were to address Defendant's motion under Federal Rule of Civil Procedure 56 summary judgment standard, it would not alter the court's analysis.

Cir. 2002). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County*, 220 F.3d 433, 466 (6th Cir. 2000).

Though decidedly generous, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on different grounds by *Twombly*, 550 U.S. 544). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary

judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

## IV.  DISCUSSION

**A.  Violation of the Home Ownership and Equity Protection Act, 15 U.S.C.§ 1639**

Defendant argues that (1) the statute of limitations bars Plaintiff's claims under the federal Home Ownership and Equity Protection Act of 1994[2] ("HOEPA"), 15 U.S.C. § 1639 because HOEPA has a one year statutory period, and (2) Plaintiff has failed to state a claim because she has not alleged a "pattern or practice" as required by the statute and because she has not alleged that her mortgage is of the type governed by HOEPA.  (Def.'s Mot. at 4-6.)  In response, Plaintiff argues that the statutory period has not run, or in the alternative, that her HOEPA claims are subject to equitable tolling.  (Pl.'s Resp. at 5.)  Plaintiff also argues that her mortgage is of the type governed by the statute.  (*Id.* at 7-10.)

Plaintiff's complaint alleged claims under two subsections of HOEPA, 15 U.S.C. § 1639.  First, Plaintiff maintains that "Defendants are in violation of 15 USC § 1639(b)(3), which requires Defendants to modify the terms of Plaintiffs' loans as Plaintiffs are experiencing a bona fide financial emergency."  (Pl.'s Compl. ¶ 36.)  Section 1639(b)(3) provides that:

> The Board may, if it finds that such action is necessary to permit homeowners to meet bona fide personal financial emergencies, prescribe regulations authorizing the modification or waiver of rights created under this subsection, to the extent and under the circumstances set forth in those regulations.

---

2 Plaintiff's complaint characterizes this claim as a TILA claim; however, it is more accurately described as a claim under HOEPA.  "The Home Ownership and Equity Protection Act of 1994 augmented TILA with additional disclosure obligations and substantive requirements for particular high-cost mortgages."  *Fonua v. First Allied Funding*, No. 09-497, 2009 WL 816291, at *4 (N.D. Cal. Mar. 27, 2009).

§ 1639(b)(3). Within the statute, the meaning of the "Board" is "the Board of Governors of the Federal Reserve System." 15 U.S.C. § 1602(b) Thus, the plain meaning of this subsection does not impose a duty on lenders, rather it provides congressional authorization of regulatory action in the lending industry. Therefore, Plaintiff's claims under § 1639(b)(3) will be dismissed for failure to state a claim.

Second, Plaintiff alleges Defendant violated 15 U.S.C. § 1639(h), which provides that:

> [a] creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment.

15 U.S.C. § 1639(h).

TILA's one-year statute of limitations, located at 15 U.S.C. § 1640(e), applies to HOEPA claims. Section 1640(e) states: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year form the date of the occurrence of the violation." 15 U.S.C. § 1640(e). As a general rule, "the statute of limitations begins to run 'when the plaintiff has complete and present cause of action' and thus 'can file suit and obtain relief.'" *Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp of Cal., Inc.*, 522 U.S. 192, 201 (1997) (internal quotation marks omitted)). Plaintiff obtained her 2006 Loan in May of 2006 and did not file the

7

instant lawsuit until April 2009. The statutory period has run, and therefore, damages for Plaintiff's May 2006 Loan are barred.[3] *See id.*

Plaintiff further argues that the doctrine of equitable estoppel should bar the application of the statute of limitations to her claim. (Pl.'s Resp. at 5.) The Sixth Circuit has held that §1640(e) is subject to equitable tolling "'in appropriate circumstances, and that for application of the doctrine of fraudulent concealment, the limitations period runs from the date on which the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation.'" *Borg v. Chase Manhattan Bank USA, N.A.*, 247 F. App'x 627, 635 (6th Cir. 2007) (quoting *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1043 (6th Cir. 1984)). The Sixth Circuit has explained that to toll the limitations period on the basis of wrongful concealment, "a plaintiff must show '(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts.'" *Hamilton County Bd. of Comm'rs v. NFL*, 491 F.3d 310, 315 (6th Cir. 2007) (quoting *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir.

---

[3] At the August 5, 2009 hearing, Plaintiff attempted to argue for the first time that the statute of limitations has not run with respect to any violations arising out of the Plaintiff's 2008 loan modification. However, Plaintiff did not allege any violations of HOEPA in her complaint with respect to the 2008 loan modification. She states only that she obtained loan modifications from Defendant in 2007 and 2008, and that each time "Defendant rolled in all arrearages, interest and fees to the end of the loan, and did not significantly decrease Plaintiff's monthly payment." (Compl. ¶¶ 17-18.) Plaintiff does not allege any violation of HOEPA in connection with her loan modifications. Therefore, the court need only look to Plaintiff's 2006 mortgage loan to determine whether the statute of limitations has run.

1975)). However, Plaintiff does not state why equitable tolling should apply to her case; she merely summarizes--at great length--non-binding caselaw. Plaintiff did not explain why the facts of her case should receive the benefit of equitable tolling. Neither did Plaintiff allege any fraud on the part of Defendant, or due diligence on her own part, to require the court to toll the statutory period. Because Plaintiff's claim is time-barred and the doctrine of equitable tolling does not apply, the court will dismiss Plaintiff's HOEPA claim.

### B.  Violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*

Defendant further argues that Plaintiff's other asserted claims under TILA, for allegedly providing false information and no notice, are unsupported by any factual allegations and are barred by the statute of limitations, and the court should therefore dismiss them. (Def.'s Mot. at 6.) In response, Plaintiff argues that the statute of limitations does not apply, or in the alternative, that equitable tolling applies. (Pl.'s Resp. at 5.)

TILA provides for statutory penalties if the creditor fails to make certain disclosures required under the statute. "One of the primary purposes of the TILA is 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uniformed use of credit.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002) (quoting 15 U.S.C. § 1601(a)). To accomplish this purpose, the statute empowers the Federal

Reserve board through Regulation Z, 12 C.F.R. § 226, to require certain disclosures to consumers regarding the terms and costs of credit, including residential mortgage transactions. *Inge*, 281 F.3d at 619.

### 1. Statutory Damages

Defendant does not offer any reason for the court to dismiss Plaintiff's TILA claim other than to argue that TILA's one-year statute of limitations, 15 U.S.C. § 1640(e), bars Plaintiff's claims. In response, Plaintiff argues that the statutory period has not run, or in the alternative, that equitable tolling applies to her circumstances.

Section 1635 also permits recovery for failure to provide the relevant disclosure of statutory damages pursuant to 15 U.S.C. § 1640. 15 U.S.C. § 1635(g). Under § 1640, there is a statutory period of one year. 15 U.S.C. § 1640(e). As a general rule, "the statute of limitations begins to run 'when the plaintiff has complete and present cause of action' and thus 'can file suit and obtain relief.'" *Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp of Cal., Inc.*, 522 U.S. 192, 201 (1997) (internal quotation marks omitted)). Plaintiff obtained her 2006 Loan in May of 2006 and did not file the instant lawsuit until April 2009. The statutory period has run, and therefore, damages for Plaintiff's May 2006 Loan are barred.[4] *See id.* For the reasons stated above regarding

---

[4] As discussed above, Plaintiff has not alleged a TILA violation with respect to her 2008 loan modification.

Plaintiff's HOEPA claim, the court will not toll the running of the statutory period. *See Hamilton County Bd. of Comm'rs*, 491 F.3d at 315 (quoting *Dayco Corp.*, 523 F.2d at 394).

### 2. Rescission

In addition to statutory damages under § 1640, Plaintiff has requested that the court grant her relief in the form of rescission, as available in § 1635. When a plaintiff requests relief in the form of rescission, the applicable statute of limitations is three years under TILA. 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction."). Unlike the statute of limitations provided in § 1640(e), the three-year right to rescind is a statutorily created right that expires three years after a refinancing. *Breach v. Ocwen Fed. Bank*, 523 U.S. 410, 417-18 (1998) ("Section 1635(f) . . . . talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitations on the time for seeking a remedy superfluous.").

The right of rescission is available to ensure that creditors "provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Breach*, 523 U.S. at 1410. In her complaint, Plaintiff alleges that (1) "Defendants [sic] provided false interest rate, fee and monthly payment disclosures in connection with the closing of the mortgage loan transaction on the Property, in violation of the Truth in Lending Act" and

11

(2) "did not provide Plaintiffs [sic] with a Notice of Right to Cancel."  (Pl.'s Compl. ¶¶ 52, 55.)

With respect to Plaintiff's first claim for rescission under TILA, in bold, all-capital letters at the top of Plaintiff's "Adjustable Rate Note" ("Note") which Plaintiff both signed and initialed at the bottom of each page, states: "This Note contains provisions allowing for changes in my interest rate and my monthly payment.  This Note limits the amount of my interest rate can change at any one time and the maximum rate I must pay."  (Def.'s Mot. Ex. 1 at 1.)  Plaintiff cannot now claim that she did not know that she had entered into an adjustable rate mortgage.  *See Stotz v. Barrows*, No. 265154, 2007 WL 1263997, at *9 (Mich. Ct. App. May 1, 2007) (finding that a plaintiff could not claim reasonable reliance after the plaintiff signed certain documents, including representations and warranties).  Furthermore, the Note specifically states that Plaintiff's "interest rate will never be greater than 15.375% or less than 8.375%," and Plaintiff initialed the bottom of the page.  (Def.'s Mot. Ex. 1 at 2.)  Plaintiff herself alleges that her interest rate is currently 11.9%.  (Pl.'s Compl. ¶ 19.)  This interest rate is well within the range disclosed in the Note Plaintiff signed and initialed.  Plaintiff does not offer any more specific argument regarding her claims under TILA with respect to these issues.  Therefore, to the extent that Plaintiff alleges Defendant provided her with false interest rate and monthly payment information, the court will dismiss Plaintiff's claim.

Plaintiff, however, also alleges that Defendant did not provide her with a Notice of Right to Cancel as required under the statute.  15 U.S.C. § 1635(a) ("The creditor shall also provide, in accordance with the regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction to this section."); *Sibby v. Ownit*

*Mortgage Solutions, Inc.*, 240 F. App'x 713, 715 (6th Cir. 2007). "In the event that the consumer has not been duly notified of her right to rescind, Regulation Z extends the right to rescind to three years unless the property has been sold or all of the consumer's interest in the property has been transferred." *Sibby*, 240 F. App'x at 715 (citing 12 C.F.R. § 226.23(a)(3)); *see also Rudisell v. Fifth Third Bank*, 622 F.2d 243, 247-48 (6th Cir. 1980) ("[Plaintiffs] may have a right to rescind even though their claim for damages is barred by the statute of limitations in 15 U.S.C. § 1640(e)."). The relevant regulations require that "'a creditor shall deliver two copies of the notice of the right to rescind to each consumer.'" *Sibby*, 240 F. App'x at 715 (quoting 12 C.F.R. § 226.23(b)(1)). When a creditor fails to deliver a Notice of Right to Cancel to a debtor, the debtor has three years to rescind the loan. *Mills*, 172 F. App'x at 656-57. Plaintiff received her 2006 Loan in May 2006, and she filed her lawsuit in April of 2009 before her right to rescind expired. Defendant does not argue to the contrary in its motion to dismiss. Therefore, the court will deny Defendant's motion to dismiss to the extent that Plaintiff requests relief in the form of rescission for Defendant's failure to provide Plaintiff with a Notice of Right to Cancel and grant Defendant's motion as to the rest of Plaintiff's TILA claim.

Rescission is an equitable remedy, and the court may condition cancellation of the security interest by the creditor upon the return of the loan amount to the creditor by the debtor. *Rudisell*, 622 F.3d at 254. Ordinarily a creditor must return all security interests, downpayments, and finance or other similar charges, and the debtor must return the full amount of the mortgage, plus any interest accrued during the time the debtor had access to the funds. 15 U.S.C. § 1635(b); *Weeden v. Auto Workers Credit Union*, 29 F. App'x 272, 275 (6th Cir. 2002). Costs and attorney fees are not available

for a TILA claim for rescission. *Dykstra v. Wayland Ford, Inc.*, 134 F. App'x 911, 917 (6th Cir. 2005)

## C. Violation of Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act

Defendant argues that the court should dismiss Plaintiff's claim for violation of the MMBLSLA because it depends on Plaintiff's claims for misrepresentation, and Defendant maintains that Plaintiff has not stated a claim for misrepresentation. (Def.'s Mot. at 10.) Plaintiff has not offered any argument in response to Defendant's contention.

The MMBLSLA states:

It is a violation of this act for a licenssee or registrant to do any of the following: (a) Fail to conduct the business in accordance with law, this act, or a rule promulgated or order issued under this act. (b) Engage in fraud, deceit, or material misrepresentation in connection with any transaction governed by this act.

Mich. Comp. Laws. § 445.1672. In her complaint, Plaintiff does not allege any further specific facts with respect to this claim, but rather appears to rely on the fraud count previously alleged and voluntarily dismissed prior to the court's August 5, 2009 hearing on this matter. *See Hanning v. Homecomings Fin. Networks*, 436 F. Supp. 2d 865, 872 (W.D. Mich. 2006) (finding that MMBLSLA claim was contingent on fraud claim and dismissing the former when had already dismissed the latter). Because Plaintiff has voluntarily dismissed her claim of fraudulent misrepresentation,[5] and Plaintiff has

---

5 Even if the court were to consider Plaintiff's claim for fraudulent misrepresentation, the court would find that Plaintiff has failed to state a claim. To establish a case for fraud, Michigan state courts have stressed that "to sustain a fraud claim, the party claiming fraud must *reasonably* rely on the material misrepresentation." *Zaremba Equip, Inc. v. Harco Hat'l Ins. Co.*, 761 N.W.2d 151, 165 (Mich. Ct. App. 2008).

Plaintiff has not shown that she reasonably relied on Defendant's misrepresentations regarding her payment obligations. As the court noted above,

14

alleged no other facts to support a claim under the MMBLSLA, nor even does Plaintiff appear to contest Defendant's motion as to this claim, the court will grant Defendant's motion on this issue.

## V.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's "Motion to Dismiss" [Dkt. # 5] is GRANTED IN PART AND DENIED IN PART.  It is DENIED to the extent Plaintiff seeks rescission of her 2006 Loan for Defendant's failure to deliver a Notice of Right to Cancel, and it is GRANTED in all other respects.

IT IS FURTHER ORDERED that the court will conduct a telephone conference on **August 27, 2009 at 10:00 a.m.**  The court will place the call.  Counsel are specifically instructed to discuss with their clients how the parties would like to proceed with the claim for rescission and what such a claim entails.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

---

Plaintiff signed and initialed each page of the "Adjustable Rate Note" and of the Mortgage.  (Def.'s Mot. Exs. 1-2.)  The Note clearly states in bold, all-capital letters: This Note contains provisions allowing for changes in my interest rate and my monthly payment.  This Note limits the amount my interest rate can change at any one time and the maximum rate I must pay."  (Def.'s Mot. Ex. 1 at 1.)  The Note also states that Plaintiff's "interest rate will never be greater than 15.375% or less than 8.375%."  (*Id.* at 2.)  The Mortgage also states that it includes an adjustable rate rider.  (Def.'s Mot. Ex. 2 at 2.)  Plaintiff cannot claim that she reasonably relied on any statement that she would not have an adjustable interest rate or that her interest rate could increase.  *See Stotz v. Barrows*, No. 265154, 2007 WL 1263997, at *9 (Mich. Ct. App. May 1, 2007) (finding that a plaintiff could not claim reasonable reliance after the plaintiff signed certain documents, including representations and warranties).

15

Dated: August 19, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 19, 2009, by electronic and/or ordinary mail.

                                         s/Lisa G. Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522